IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TEHGRAIN JAMAL JONES, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:23-cv-00224 |
| | ) | |
| v. | ) | |
| | ) | By: Joel C. Hoppe |
| RICK WHITE, *et al.*, | ) | United States Magistrate Judge |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Tehgrain Jamal Jones, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. The amended complaint names as defendants Warden Rick White, Major C. King, Sergeant J. R. Massengill, and Nurse Practitioner Leah Holbrook.* Pending before the court is a motion to sever filed by White, King, and Massengill (collectively, the "correctional defendants"). For the reasons set forth below, the motion to sever (ECF No. 23) is denied.

## Factual Background

Jones is incarcerated at Red Onion State Prison, and his claims stem from events that allegedly occurred there. According to the amended complaint, Jones suffers from asthma, which requires him to use an inhaler on a daily basis. (ECF No. 6 at 4.) Jones alleges that Massengill confiscated his inhaler on September 17, 2021, after moving Jones to the restrictive housing unit because he would not withdraw a grievance. (*Id.*) Massengill then refused to return the inhaler, even after Jones explained that he needed it for asthma. (*Id.*) When Jones subsequently experienced breathing complications that required medical attention, Massengill allegedly directed a medical provider not to issue Jones another inhaler. (*Id.*)

---

\* Leah Holbrook is identified in the amended complaint as Leah Jessee. The docket has been modified to reflect her new last name. (ECF No. 16.)

In February 2022, Jones experienced respiratory problems after contracting the COVID-19 virus, and he again requested an inhaler. (*Id.*) Jones alleges that Holbrook refused to issue an inhaler and "told him that she would not give him one until he was dying." (*Id.*) Holbrook continued to deny his request for an inhaler even after he suffered an asthma attack. (*Id.*)

Jones alleges that he complained to White and King on several occasions that he was being denied an inhaler. (*Id.* at 5.) According to Jones, White never did anything to help him despite promising to do so, and King refused to provide any assistance until Jones stopped submitting written complaints. (*Id.*)

Jones further alleges that mold and mildew in the ventilation system at the prison have caused his asthma to flare. (*Id.* at 7.) He claims that White "refuses to have the ventilation system cleaned and has not had the ventilation system cleaned in the three years [Jones] has been housed" at the prison. (*Id.*) When Jones verbally complained to Holbrook about the situation, she allegedly told Jones "that he would die in Red Onion State Prison." (*Id.*)

## Procedural History

The correctional defendants filed an answer to the amended complaint on July 14, 2023. (ECF No. 18.) On July 28, 2023, Holbrook filed a waiver of answer. (ECF No. 19.) Accordingly, on July 31, 2023, the court directed the defendants to file a motion for summary judgment within sixty days, pursuant to Standing Order No. 2023-7. (ECF No. 20.) The defendants subsequently requested and received an extension of time to file their motions for summary judgment, and their motions are currently due on October 20, 2023.

The case is presently before the court on the correctional defendants' motion to sever. (ECF No. 23.) The correctional defendants have construed the amended complaint as attempting to assert Eighth Amendment claims against all four defendants and a First Amendment retaliation claim

against Massengill. (ECF No. 24 at 2.) The correctional defendants argue that "Jones' [Eighth Amendment] claim against White about Red Onion's ventilation system should be severed because it is improperly joined to the claims concerning Jones' inhaler." (ECF No. 24 at 3.)

## **Discussion**

The correctional defendants' motion to sever implicates Rules 18, 20, and 21 of the Federal Rules of Civil Procedure. Under Rule 18, a plaintiff "may join, as independent or alternative claims, as many claims as it has against [a defendant]." Fed. R. Civ. P. 18(a). However, when multiple defendants are named in a complaint, "the analysis under Rule 20 precedes that under Rule 18." *Ferola v. Byars*, No. 9:13-cv-2413, 2013 U.S. Dist. LEXIS 187206, at *4 (D.S.C. Dec. 4, 2013). Rule 20 provides that defendants may be joined in one action if "(A) *any* right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) *any* question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2) (emphasis added). The United States Court of Appeals for the Fourth Circuit has explained that "[a]bsolute identity of all events is unnecessary" under Rule 20 and that "the rule should be construed in light of its purpose, which is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983) (internal quotation marks and citations omitted); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (noting that "joinder of claims, parties and remedies is strongly encouraged" under the Federal Rules of Civil Procedure).

Even when parties are properly joined in a case, the court has the discretion to "sever any claim against a party" under Rule 21. *Tinsley v. Streich*, 143 F. Supp. 3d 450, 462 (W.D. Va. 2015) (quoting Fed. R. Civ. P. 21); *see also Spencer, White & Prentis Inc. v. Pfizer, Inc.*, 498 F.2d 358,

362 (2d Cir. 1974) ("[J]ustification for severance is not confined to misjoinder of parties."). However, "Rule 21 discretion should be exercised sparingly." *Carmine v. Poffenberger*, 154 F. Supp. 3d 309, 320 (E.D. Va. 2015) (internal quotation marks and citation omitted). In determining whether severance is appropriate, courts consider several factors, including (1) whether the claims to be severed are significantly different from other claims; (2) whether the claims will require different witnesses or documentary proof; (3) whether a party will be prejudiced if a severance is granted; and (4) whether a party will be prejudiced if claims are not severed. *Equal Rights Ctr. v. Equity Residential*, 483 F. Supp. 2d 482, 489 (D. Md. 2007). Other relevant considerations include judicial economy, fundamental fairness, and undue delay. *Moulvi v. Safety Holdings, Inc.*, No. 3:20-cv-00595, 2021 U.S. Dist. LEXIS 189496, at *18 (E.D. Va. Sept. 30, 2021).

Upon review of the record and applicable law, the court concludes that the correctional defendants' motion to sever must be denied. As an initial matter, the court rejects the contention that the claim against White concerning the ventilation system is improperly joined with the inhaler claims asserted against White and other defendants. Contrary to the correctional defendants' assertion, Rule 20(a)(2) does not require that all "claims" against the defendants arise out of the same transaction, occurrence, or series thereof, and involve a common question of law or fact. ECF No. 24 at 3. Instead, it permits defendants to be joined in the same action if "any" claim for relief asserted against them arises out of the same transaction, occurrence, or series thereof, and involves a common question of law or fact. Fed. R. Civ. P. 20(a)(2). In other words, to join multiple defendants in a single action, a plaintiff must assert "*at least one claim* to relief against each of them" that arises out of the same transaction or occurrence and presents a common legal or factual issue. *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004)

4

(quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1655 (3d ed. 2001)).

Here, it is undisputed that the inhaler claims against White and the other defendants arise from the same occurrence or series of occurrences—the denial of his requests for an inhaler—and involve a common question of law or fact—whether the defendants acted with deliberate indifference to a serious medical need in violation of the Eighth Amendment. Accordingly, the defendants are properly joined in the same action under Rule 20(a)(2). *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 325 (4th Cir. 2021) (concluding that clerks from two different counties were properly joined as defendants in the same action since the plaintiff asserted identical claims against the defendants and the claims arose from the plaintiff's coverage of Virginia courts). And since the requirements for joinder of defendants is satisfied, Jones' claim regarding the ventilation system is properly joined under Rule 18(a). *See John S. Clark Co.*, 359 F. Supp. 2d at 437 ("Once a plaintiff has satisfied the requirements for permissive joinder under Federal Rule of Civil Procedure 20(a), Federal Rule of Civil Procedure 18 permits the 'plaintiff to join as many other claims as [the] plaintiff has against the multiple defendants or any combination of them, even though the additional claims do not involve common questions of law or fact and arise from unrelated transactions.'") (quoting *Federal Practice & Procedure* § 1655).

To the extent that the correctional defendants argue that the ventilation claim should nonetheless be severed under Rule 21, the court is unpersuaded. Having considered the applicable factors, the court concludes that severance is inappropriate in this case.

First, the inhaler and ventilation claims are not "significantly different from one another." *Equity Residential*, 483 F. Supp. 2d at 489. Although the inhaler claims may differ in some respects from the ventilation claim, "the ultimate legal *issue* within each claim does not." *Moulvi*, 2021

5

U.S. Dist. LEXIS 189496, at *19 (emphasis in original). For each claim, Jones is required to prove that a defendant acted with deliberate indifference to a serious medical need or a substantial risk of harm. Moreover, the medical condition underlying each claim is the same. Jones alleges that he needs an inhaler for asthma and that mold and mildew in the ventilation system cause his asthma to flare.

Second, the claims will not require completely "different witnesses and different documentary proof." *Equity Residential*, 483 F. Supp. 2d at 489. Instead, the allegations in the amended complaint indicate that the claims will require some of the same documentary evidence, including evidence pertaining to Jones's asthma condition. Additionally, the claims will require at least two of the same witnesses—White and Holbrook.

Third, the correctional defendants have not demonstrated that they or Holbrook will be prejudiced if the court denies the motion to sever. In support of the motion, the correctional defendants argue that severance is necessary to prevent prejudice to Holbrook. However, this argument is based on the incorrect premise that the ventilation claim has "nothing to do" with her. ECF No. 24 at 4. Although the correctional defendants reference the portion of the amended complaint in which Jones alleges that White has refused to clean the ventilation system, they do not address the very next allegation implicating Holbrook. As noted above, Jones alleges that he verbally complained to Holbrook about the situation and that she "told [him] on at least one occasion that he would die in Red Onion State Prison." ECF No. 6 at 7. Thus, liberally construed, the allegations against Holbrook also concern Jones's complaints regarding the ventilation system and Holbrook's response to such complaints.

Finally, the court concludes that adjudicating each of Jones's claims in the same case will conserve judicial resources, prevent undue delay, and promote fundamental fairness. As noted in

*Molvi*, courts in the Fourth Circuit and elsewhere "regularly oversee cases . . . involving far more numerous parties, more complex facts, and even more dissimilar issues among the parties." 2021 U.S. Dist. LEXIS 189496, at *27. This case involves only one plaintiff, four defendants, and a small number of reasonably related claims. It is simply not the type of omnibus complaint that violates the joinder rules or otherwise warrants severance. *See, e.g.*, *Makdessi v. Clarke*, No. 7:22-cv-00428, 2023 U.S. Dis. LEXIS 12358, at *8 (W.D. Va. Jan. 23, 2023) (concluding that severance was appropriate where an inmate "attempted to join together in one case more than eleven unrelated legal claims, concerning separate and unrelated events and defendants at Red Onion State Prison"); *Brown v. Clarke*, No. 7:22-cv-00247, 2022 U.S. Dist. LEXIS 114046, at *5 (W.D. Va. June 27, 2022) (concluding that severance was appropriate since the case was, "in fact, two separate lawsuits bundled into one omnibus Complaint: one lawsuit asserting seven separate claims about the events on June 28, 2020, at Nottoway that led to Brown's transfer to Red Onion and related events thereafter, . . . and another lawsuit asserting a claim about one disciplinary proceeding at Red Onion, involving only Red Onion staff").

Because the inhaler and ventilation claims are properly joined in the same action, and since the majority of the applicable factors weigh against severance, the court will deny the correctional defendants' motion.

### Conclusion

For the reasons stated, the correctional defendants' motion to sever, ECF No. 23, is **DENIED**. The Clerk is directed to send a copy of this memorandum opinion and order to the parties.

It is so **ORDERED**.

ENTER: October 17, 2023

/s/ Joel C. Hoppe
United States Magistrate Judge

7